505 So.2d 106 (1987)
Mrs. Jan R. CARTER, et al.
v.
Emily DEITZ, et al.
No. CA-5648.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*107 Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, Linda S.A. Burke, Nancy G. Collins, New Orleans, for DeLaureal Engineers, Inc.
Harvey J. Godofsky, Hebert, Mouledoux & Bland, New Orleans, for Houston Gen. Ins. Co.
Before BARRY, KLEES and LOBRANO, JJ.
KLEES, Judge.
Defendant DeLaureal Engineers, Inc., appeals the district court's granting of summary judgment in favor of its co-defendants dismissing DeLaureal's third-party claim for contribution or indemnity. We affirm.
This action arose from an automobile collision which occurred on the Greater New Orleans Mississippi River Bridge on August 13, 1977. A car being driven westbound by Emily Dietz crossed the center emergency lane and struck a car being driven eastbound by Kenneth Carter, who was accompanied by his wife and daughter. As a result of the accident, Mrs. Carter and her daughter filed a personal injury suit naming as defendants, among others, the Louisiana Department of Transportation and Development [DOTD] and its insurer; the Mississippi River Bridge Authority [MRBA] and its insurer; Modjeski & Masters, who had performed safety evaluation studies concerning the bridge and rendered advice to the MRBA, and its insurer; and DeLaureal Engineers, Inc. [DeLaureal], who had participated in a joint venture with Modjeski & Masters. DeLaureal then filed a third party demand against DOTD, MRBA, and their respective insurers [hereinafter referred to as the "bridge defendants"] seeking indemnity or contribution.
In October of 1985, the plaintiffs entered into a settlement with the bridge defendants. The bridge defendants then brought a motion for summary judgment on DeLaureal's third party claim, arguing that because of the release agreement they had obtained from plaintiffs, DeLaureal was no longer entitled to seek contribution from *108 them. See: Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3rd Cir.1964).
On January 27, 1986, the district court granted the bridge defendants' motion for summary judgment and dismissed DeLaureal's third party claim against them. On appeal, DeLaureal contends that although Harvey v. Travelers Ins. Co., supra, mandates the dismissal of its claim for contribution, the trial court erred by also dismissing DeLaureal's third party claim for indemnity. We disagree. Because we find no basis in fact or in law for DeLaureal's indemnity claim, we hold that it was properly dismissed.
Both sides agree that, according to Harvey v. Travelers Ins. Co., supra, the settlement between the plaintiffs and the bridge defendants prevents DeLaureal from seeking contribution from the bridge defendants. In Harvey, the court held that when the plaintiff in a tort action has settled with and released one of two alleged joint tortfeasors, reserving all of his rights against the other, the remaining alleged tortfeasor is deprived of his right to enforce contribution against the one released, and plaintiff can only recover one-half of his damages against the other. Appellees recognize that the Harvey decision does not extend to claims for indemnity. See: Stewart v. Roosevelt Hotel, Inc., 170 So.2d 681 (La.App. 4th Cir.1965). However, they contend that the summary judgment was appropriate because, under the facts of this case, DeLaureal could not possibly be owed indemnity.
In its third party demand, DeLaureal asserted that it was entitled to contribution and/or indemnity because its negligence, if any, was only passive in nature as compared to the active negligence of the bridge defendants. In 1922, the Supreme Court held that among joint tortfeasors, when "the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty ... indemnity may be had against the one primarily responsible for the act which caused the damage." Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 541 (1922). In Appalachian Corporation, the Court allowed a claim for indemnity to be asserted by a building owner who had been found strictly liable for the defective condition of a building. Since that decision, Louisiana courts have relied on the theory of Appalachian Corporation to uphold indemnity claims by parties who have been found vicariously liable as well as by those found strictly liable. See, e.g.: Truxillo v. Gentilly Medical Building, Inc., 225 So.2d 488 (La.App. 4th Cir. 1969) (Vicarious liability for the acts of one's agent or employee under the theory of respondeat superior). See generally: in Dusenbery v. McMoRan Exploration Co., 458 So.2d 102, 104 (La.1984).
In this case, DeLaureal does not contend that it can be held liable to plaintiffs under any theory of strict or vicarious liability, or under any other theory of technical or constructive fault, but instead claims it is owed indemnity because its negligence was "passive" rather than active. This argument is an attempt to extend the holding of Appalachian Corporation beyond what we believe was intended by the Supreme Court. Indeed, DeLaureal has not cited one case in which the party claiming indemnity was not found either strictly liable or vicariously liable.
The facts of this case are undisputed. DeLaureal, in a joint venture with Modjeski & Masters, acted as a consultant to the MRBA. There is no claim against DeLaureal for strict or vicarious liability; indeed, under the facts of this case, such a claim would be impossible. Rather, the claim against DeLaureal is for simple negligence. Any recovery by plaintiff against DeLaureal will be based upon DeLaureal's actual negligence, not upon any theoretical or constructive liability. The question of whether DeLaureal's negligence, if any, was active or passive might have some bearing upon the percentage of fault attributable to DeLaureal, but it is not relevant to the issue of indemnity. Indemnity is not available to a party who is actually negligent. Appalachian Corporation, supra at 541; Dupree v. Pechinay St. Gobain *109 Co., 369 So.2d 1075 (La.App. 1st Cir.1979), writ denied, 371 So.2d 1341 (La.1979); Joiner v. Diamond M. Drilling Co., 688 F.2d 256 (5th Cir.1982).
Accordingly, for the reasons given, we find that there is no genuine issue as to material fact, and as a matter of law DeLaureal would not be entitled to indemnification based on the allegations made against it by plaintiff. The summary judgment was proper.
AFFIRMED.