KNOLL, Judge.
Defendant, LeBlanc, Schexnayder and Associates (hereafter LS & A), appeal the district court’s granting of summary judgment in favor of third-party defendant, Carlos Pulles, dismissing LS & A’s third-party claim for indemnity. We affirm.
FACTS
The facts of this case are not in dispute. On July 22, 1985, Breaux Bridge Sugar Cooperative, Inc. (hereafter Breaux Bridge), filed suit against Pulles for misappropriation of funds while Pulles was employed as chief engineer at Breaux Bridge’s sugar mill. The amount embezzled was $780,039.86. On December 2, 1985, Breaux Bridge and Pulles entered into an agreement of compromise whereby Pulles transferred to Breaux Bridge, certain amounts of cash and other property. Pursuant to this settlement, Breaux Bridge *251 dismissed its suit against Pulles with prejudice on December 5, 1985. Breaux Bridge reserved any and all rights it could assert against other parties for losses sustained due to the embezzlement by Pulles.
Subsequent to the dismissal by Breaux Bridge of its suit against Pulles, Breaux Bridge, on February 12, 1986, filed suit against Pedro Angelle, Sr. Breaux Bridge then amended its petition to add LS & A, Lawrence LeBlanc, Curtis Schexnayder, Glenn Langlais and the North River Insurance Company as defendants. LS & A answered the petition and supplemental and amended petition and also filed a third-party petition naming Carlos Pulles a third-party defendant.
LS & A was not a party to the suit filed by Breaux Bridge against Pulles, nor were they parties to the compromise between Breaux Bridge and Pulles.
Pulles then filed a motion for summary judgment in response to LS & A’s petition, contending the settlement with Breaux Bridge barred an action for indemnity. The motion for summary judgment was granted and the third-party petition was dismissed as to Pulles.
INDEMNITY
In Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 541 (1922), the Louisiana Supreme Court allowed a claim for indemnity to be asserted by a building owner who had been found strictly liable for the defective condition of a building. Since that decision, Louisiana courts have relied upon the Appalachian Corporation case to uphold indemnity claims by parties who have been found vicariously liable as well as those found strictly liable. Indemnity is not available to a party who is actually negligent. Carter v. Deitz, 505 So.2d 106 (La.App. 4th Cir.1987):
The record shows that LS & A performed auditing services for Breaux Bridge Sugar Cooperative. It is alleged that LS & A performed this service negligently in that it failed to detect spending discrepancies of $780,039.86 in Breaux Bridge’s accounts. These discrepancies were a result of embezzlement by Breaux Bridge’s chief engineer, Carlos Pulles. Breaux Bridge’s claim against LS & A is not predicated upon strict or vicarious liability, but rather, on negligence. Breaux Bridge’s alleged recovery from LS & A is due to LS & A’s actual negligence in auditing Breaux Bridge’s books. The question of whether LS & A’s negligence, if any, was technical or active might have some bearing upon the percentage of fault attributable to LS & A, but it is not relevant to the issue of indemnity. Carter v. Deitz, supra.
For the foregoing reasons, we find that there is no genuine issue as to material fact, and as a matter of law, LS & A is not entitled to indemnification based on the allegations made against it by Breaux Bridge. The summary judgment was proper.
All costs of this appeal are assessed to LS & A.
AFFIRMED.