547 So.2d 391 (1989)
Jeanette KLUMPP, et al., Third Party Plaintiffs,
Sunland Construction Co., Appellants,
v.
XYZ INSURANCE CO., et al., Third Party Defendants,
Deere & Company, et al., Appellees.
No. 88-374.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Rehearing Denied August 1, 1989.
*392 Pucheu & Pucheu, Jacque B. Pucheu, Jr., Euncie, for third party plaintiffs-appellants.
Voorhies & Labbe, Keitha Leonard, Lafayette, for appellees.
Roy & Hattan, L. Lane Roy, Lafayette, for third party defendants-appellees.
Before GUIDRY, FORET and DOUCET, JJ.
DOUCET, Judge.
On September 18, 1981, employees of Sunland Construction Company, Inc. (Sunland) were engaged in excavating an existing pipeline owned by Conoco. A Sunland employee was operating a John Deere Model 410 diesel backhoe tractor owned by Sunland during the excavation procedure when a pressurized pipeline was apparently struck and ruptured, causing natural gas within the pipeline to escape. The backhoe then caught fire. Lester Klumpp, a Conoco employee, was severely burned as a result of this accident and died several days later.
The survivors of Lester Klumpp (plaintiffs) brought suit against Sunland and its insurer. The basis of plaintiffs' theory of liability against Sunland was both negligence and strict liability. Also made defendant was the manufacturer of the backhoe, John Deere or Deere & Company (Deere). Subsequent thereto, Sunland filed a third party demand against Deere seeking full and complete indemnity alleging that:
"Should Sunland be held liable to the plaintiffs in the principal demand, Third Party Plaintiff alleges that it is entitled to complete indemnity, defense, including interest, attorney's fees and all costs of these proceedings from Deere and Company."
The allegations contained in the third party demand of Sunland claimed that the equipment was manufactured by Deere and sold to Sunland when it was known that same *393 would be used around natural gas installations and would be a potential source of ignition from natural gas blow-out. Sunland also alleged that Deere failed to design, install or warn of proper safety devices to be used and failed to install an emergency "cut-off" device. Additionally, Sunland asserted that implied warranties were made that the machine was suitable and proper for the use intended and free from any defects.
The plaintiffs' claim against Deere was severed prior to trial and dismissed with an agreement that it could be filed at a later date. Plaintiffs have such a suit pending in the United States District Court against Deere.
Thereafter, Sunland settled the demands of plaintiffs against it and plaintiffs' suit against Sunland was dismissed. The third party demand of Sunland as against Deere continued. Deere then filed a motion for summary judgment and alternatively exceptions of no cause and no right of action. After a hearing on the matter the trial judge granted relief to Deere, finding that the summary judgment and exception of no cause of action had merit, and dismissed the third party action of Sunland as against Deere. A judgment was signed in accordance therewith. It is from this judgment that Sunland appeals.
As previously stated, the trial court dismissed Sunland's third party demand after granting Deere's motion for summary judgment and exception of no cause of action. We first address the issue of whether the trial court erred in granting the exception of no cause of action.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. La.C. C.P. art. 865; Haskins, supra; Pence, supra; Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Haskins, supra; Pence, supra; Hero, supra; Eschete, supra; Erath Sugar Company v. Broussard, 240 La. 949, 125 So.2d 776 (1961).
In Haskins, supra, the court emphasized the burden which must be sustained in order to have an exception granted at page 195 when it stated:
"The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3rd Cir. 1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N.Y., 189 La. 743, 180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909)."
Indemnity is due when fairness requires that one person bear the total responsibility for an injury. The basis for indemnity in the civil law is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility. A solidary debtor who pays a debt that concerns only a co-debtor is, therefore, entitled to indemnity from the debtor in whose behalf the debt arose. La.C.C. art.
*394 2106; Truxillo v. Gentilly Medical Bldg., Inc., 225 So.2d 488 (La.App. 4th Cir.1969). Thus, a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. Robinson v. La. Dept. of Transp. and Dev., 454 So.2d 257 (La.App. 1st Cir.), writ denied 458 So.2d 122 (La.1984). One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor. The Louisiana Supreme Court in Green v. TACA Int'l Airlines, 304 So.2d 357 (La.1974) has summed up the principle this way: indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the person primarily responsible, while contribution apportions the loss among those jointly responsible.
Sunland's petition alleged in substance that the equipment was manufactured by Deere and sold to Sunland when it was known that same would be used around natural gas installation and would be a potential source of ignition from natural gas blow-out. Sunland also alleged that the manufacturer failed to design, install or warn of proper safety devices to be used and failed to install an emergency "cut-off" device. Additionally, Sunland asserted that implied warranties were made that the machine was suitable and proper for the use intended and free from any defects. In its third party petition, Sunland denied liability but stated that should it be held liable, it is entitled to complete indemnity from third party defendant, Deere.
Our conclusion is that the allegations of Sunland's petition which must be considered as true for the purpose of this discussion show that the fault which caused the accident was due primarily to the acts of Deere and that Sunland was only technically or constructively at fault. Thus, a cause of action is fully disclosed against Deere and the exception to the contrary should have been overruled.
Deere's exception of no cause of action was based on the mistaken proposition of law that the allegations of the original plaintiffs' petition determine whether a party may seek indemnity from a third person. Thus, according to Deere, if the original plaintiffs, in the pleadings, make any allegations that the third party plaintiff is negligent, the third party plaintiff is not entitled to indemnity as a matter of law. Deere relies on the case of Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922) in support of this proposition. However, this is clearly not the law of this state. Deere has misinterpreted Appalachian, supra, as that case holds that even the findings of fact at the separate trial are not binding upon the indemnity claim of a party.
As previously stated, the trial court dismissed Sunland's suit after granting Deere's exception of no cause of action and motion for summary judgment. We next address the propriety of the granting of the summary judgment.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La. 1981). Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Mashburn v. Collin, 355 So.2d 879 (La. 1977).
The basis of Deere's motion for summary judgment is that the petition of Jeanette Klumpp (original petitioner) in this action alleged both vicarious and direct liability against Sunland, based on the alleged acts of Sunland and its employees. Deere asserts that because of the allegations of fault on Sunland's part, Sunland is not entitled to indemnity or any other form of recovery under any theory of law, as against Deere.
*395 Deere, in support of its assertion that summary judgment was properly granted cites Appalachian, supra. Deere urges that this case stands for the proposition that the allegations of the original plaintiffs' petition determine whether a party may seek indemnity from a third person. Thus, according to Deere, if the original plaintiffs, in the pleadings, make any allegations that the third party plaintiff is negligent, the third party plaintiff is not entitled to indemnity as a matter of law. As previously stated, this is clearly not the law of Louisiana. Deere has misinterpreted Appalachian, supra, as that case holds that even the findings of fact at the separate trial are not binding upon the indemnity claim of a party.
Deere, in support of its assertion that summary judgment was properly granted also cites Carter v. Deitz, 505 So.2d 106 (La.App. 4th Cir.1987). In Carter, supra, passengers injured in an automobile collision brought an action against the Department of Transportation and Development (DOTD), the Mississippi River Bridge Authority (MRBA) and DeLaureal Engineers, the engineering firm which acted as a consultant in construction of the bridge. DeLaureal then filed a third party demand against DOTD and MRBA seeking indemnity or contribution. Thereafter, plaintiffs entered into a settlement with DOTD and MRBA. DOTD and MRBA then brought a motion for summary judgment on DeLaureal's third party claim, arguing that because of the release agreement they had obtained from plaintiffs, DeLaureal was no longer entitled to seek contribution or indemnity from them. The district court granted the motion for summary judgment and dismissed DeLaureal's third party claim against them. On appeal, DeLaureal urged that although the claim was properly dismissed for contribution, the trial court erred by also dismissing DeLaureal's third party claim for indemnity. The fourth circuit affirmed the lower court finding that any recovery by plaintiff against DeLaureal would be based upon DeLaureal's actual negligence, not upon any theoretical or constructive liability since there was no claim against DeLaurel for strict or vicarious liability and that such a claim would be impossible. Because indemnity is not available to a party who is actually negligent, the court found that summary judgment was proper.
Carter, supra, is distinguishable from the facts of the instant case. In Carter, supra, any recovery by plaintiff against the third party plaintiff would be based upon the third party plaintiff's actual negligence. In the instant case, the basis of plaintiff's theory of recovery against Sunland was both negligence and strict liability. Hence, it is entirely possible that Sunland will be found to be technically liable because of vicarious or strict liability, but free from fault. Thus, we do not find Carter, supra, persuasive.
Deere also cites Diggs v. Hood, 772 F.2d 190 (5th Cir.1985), in support of its proposition that summary judgment was proper. Diggs, supra, at p. 193, does in fact hold that:
"Indemnity is due when fairness requires that one person bear the total responsibility for an injury ... one who is himself at fault is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by indemnitor."
However, a crucial fact present in Diggs, supra, but not present in the instant case, was the fact that Ford Motor Company, the alleged tortfeasor-third party defendant, could not, under any circumstances, be considered wholly liable for plaintiffs' injuries. In Diggs, supra, a Ford driven by original plaintiff, Clarence Diggs, was struck from the rear by an eighteen wheeler driven by Billy Hood. As a result of the accident, Diggs was partially paralyzed. Diggs then filed suit against Hood and various other parties connected with Hood. Hood filed suit against Ford Motor Company, seeking contribution and indemnity, and Diggs amended his own suit to add Ford Motor Company as an original defendant. Both Hood and Diggs, in their separate petitions, alleged that various defects in the seat and other parts of the vehicle driven by Diggs *396 aggravated Diggs' injuries. The court specifically held:
"The Hood interests are, therefore, not entitled to indemnity from Ford, for neither Diggs nor they contend that Ford is responsible for the collision, which certainly caused at least some of Diggs' injuries. Ford could not, therefore, be solely liable to Diggs. If Ford's liability is established, Ford owes damages only because the defects in the vehicles it manufactured aggravated the injuries Diggs would have otherwise suffered."
In the instant case, it is possible (although perhaps improbable) that Deere was entirely responsible for Lester Klumpp's death. Deere's complete liability for Klumpp's death is an issue of fact which should be fully determined at a trial on the merits. Thus, we do not find Diggs, supra, to be persuasive.
As previously stated, liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor. In the instant case, Sunland has settled with the original plaintiffs. Sunland is now seeking indemnity from Deere for this amount. We concede that this situation is unique since Sunland settled with the original plaintiffs and the issue of whether Sunland was actually negligent or whether Sunland would have been found to be technically or constructively liable was not resolved. However, we do not feel that Sunland is now precluded from proving these issues. These are material issues of fact which cannot be resolved by summary judgment. Thus, we find that the trial court erred when it granted Deere's motion for summary judgment.
Finally, Deere attempts to demonstrate that indemnity is not due Sunland by pointing out Deere's potential exposure in this matter. Deere points to the fact that plaintiffs presently have a suit pending in the United States District Court against Deere. Deere correctly directs our attention to the fact that in that suit, the court will assess responsibility, in terms of a percentage, for the accident to each of the defendants. Deere hypothesizes that if it were to be cast as 100% at fault in causing plaintiff's injuries, then whatever damages plaintiffs have suffered, Deere would be responsible for paying that entire amount. Deere asserts that to hold that it would further be liable to Sunland, after paying 100% of plaintiff's damages, is simply wrong. Deere adds that under the theory set forth by Sunland, Deere's potential liability prior to settlement by Sunland with the Klumpps would be, as a maximum, 100% of any damages due the Klumpp family for the death of Lester Klumpp. Deere urges that after Sunland's settlement, Deere's maximum potential liability would be that same 100% of damages suffered by the Klumpps, plus 100% of whatever Sunland had paid to the Klumpps for settlement of the Klumpps' claim against Sunland.
We are not persuaded to alter the conclusion which we have reached by Deere's hypothesizing as to the possible ultimate outcome of the proceedings against Deere which are presently pending in different forums. Suffice it to say that, at this stage of the proceeding, it has not been established that Sunland's claimed right to indemnity from Deere has been foreclosed by the settlement agreement between the Klumpps and Sunland.
Accordingly, for the reasons assigned, the judgment of the trial court granting Deere's motion for summary judgment and exception of no cause of action is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. All costs are assessed to Deere.
REVERSED AND REMANDED.