626 So.2d 541 (1993)
Hampton SHUFF, et ux., Plaintiffs-Appellees,
v.
SOUTHERN SILICA OF LOUISIANA, et al., Defendants-Appellees,
Clemtex, Ltd., Defendant-Appellant.
No. 93-178.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
William B. Baggett, Lake Charles, for Charlie Steve Lee et ux.
*542 Henry Eugene Yoes III, Blaine Andrew Doucet, Lake Charles, for Southern Silica, et al.
Gary Mark Zwain, Joseph Benjamin Morton III, Metairie, for Pulmosan Safety Equipment.
Before STOKER, DOUCET and SAUNDERS, JJ.
DOUCET, Judge.
This is an appeal from the dismissal, pursuant to a motion for summary judgment, of Clemtex, Ltd.'s (Clemtex) third party demand against Pulmosan Safety Equipment Corporation (Pulmosan).
Nine plaintiffs filed separate suits alleging that they contracted silicosis as a result of their use and/or exposure to products manufactured, distributed and/or sold by Clemtex and Pulmosan, among others. Clemtex filed a third party demand in all the suits against Pulmosan, among others, claiming indemnification or contribution from the various defendants who manufactured the products it distributed. Pulmosan manufactured a safety hood for sandblasting which was distributed by Clemtex under a Clemtex label.
Pulmosan settled with the plaintiffs who specifically reserved their rights as to the other defendants. Pulmosan then filed a motion for summary judgment in all nine suits arguing that the settlement barred Clemtex's demand for contribution or indemnification. The trial judge granted the motion in all the suits giving the following reasons in each:
THE COURT FINDS THAT CLEMTEX, LTD., DEFENDANT AND THIRD PARTY PLAINTIFF, IS NOT ENTITLED TO INDEMNITY FROM MOVER, PULMOSAN SAFETY EQUIPMENT CORPORATION, WHEREAS BOTH CLEMTEX, LTD. AND PULMOSAN SAFETY EQUIPMENT CORPORATION WERE INITIALLY JOINT TORTFEASORS. A WRITTEN AGREEMENT BETWEEN PLAINTIFFS AND MOVER SPECIFICALLY STIPULATES THAT "IT IS HEREBY AGREED, HOWEVER, THAT WE RESERVE ANY AND ALL RIGHTS WE HAVE AGAINST ANY OTHER PARTIES TO THIS LITIGATION, OTHER THAN THOSE AGAINST THE PARTIES RELEASED HEREIN". PLAINTIFFS FILED A MOTION TO DISMISS THIS SUIT AS TO MOVER AND THIS COMPROMISE SETTLEMENT RELEASED MOVER FROM ANY FURTHER LIABILITY TO PLAINTIFFS AS A RESULT OF THIS LAWSUIT. THE LAW IS WELL SETTLED IN THAT THIS COMPROMISE BARS ANY OTHER PARTY, INCLUDING CLEMTEX, LTD., WHO IS A JOINT TORTFEASOR FROM ENFORCING CONTRIBUTION FROM PULMOSAN SAFETY EQUIPMENT CORPORATION, OR ITS INSUREDS. HARVEY V. TRAVELERS INSURANCE COMPANY, 163 SO.2D 915 (LA.APP. 3RD CIR.1964), AT 922. WONG V. STANLEY, 505 SO.2D 109 (LA. APP. 4TH CIR.1987), AT 108. [sic]
Clemtex appeals. The nine suits have been consolidated on appeal.
Clemtex argues that the summary judgment should not have been granted because issues of fact remain with regard to its claim for indemnity.
In reviewing a judgment on a motion for summary judgment
[T]he appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B). It follows from the above standard that a motion for summary judgment may be granted only when the mover has proven both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215, 217 (La.App. 4th Cir.1988). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; all allegations of the party opposing the motion must be taken *543 as true and all doubt must be resolved in his favor. Schroeder [v. Board of Supervisors of Louisiana State University], 591 So.2d [342] 345. In determining whether the movant has satisfied his burden of showing that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law, documents supporting the movant's position are closely scrutinized, while the opposing documents are treated indulgently. Industrial Sand and Abrasives, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152, 1154 (La. 1983); Morcos v. EMS, Inc., 570 So.2d 69, 72 (La.App. 4th Cir.1990). Granting of the motion may not be based on the court's belief that the party opposing the motion has little chance of succeeding at trial. Id. at 76.
Transworld Drilling v. Texas Gen. Res., 604 So.2d 586, 589-90 (La.App. 4 Cir.), writ denied, 608 So.2d 174 (La.1992).
Plaintiffs no longer argue that they are entitled to contribution. We agree that the holding of Harvey v. Travelers, supra, prevents Clemtex from seeking contribution. However, Harvey does not extend to claims for indemnity.
Indemnity is due when fairness requires that one person bear the total responsibility for an injury. The basis for indemnity in the civil law is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility. A solidary debtor who pays a debt that concerns only a co-debtor is, therefore, entitled to indemnity from the debtor in whose behalf the debt arose. La.C.C. art. 2106; Truxillo v. Gentilly Medical Bldg., Inc., 225 So.2d 488 (La.App. 4th Cir.1969). Thus, a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. Robinson v. La. Dept. of Transp. and Dev., 454 So.2d 257 (La.App. 1st Cir.), writ denied 458 So.2d 122 (La.1984). One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor. The Louisiana Supreme Court in Green v. TACA Int'l Airlines, 304 So.2d 357 (La.1974) has summed up the principle this way: indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the person primarily responsible, while contribution apportions the loss among those jointly responsible.
Klumpp v. XYZ Insurance Co., 547 So.2d 391, 393-394 (La.App. 3 Cir.), writ denied, 551 So.2d 1322 (La.1989).
In this case, plaintiffs seek damages from Clemtex based both on negligence and strict liability theories. Plaintiffs' claims against Clemtex depend in part on allegations that by selling a product manufactured by Pulmosan under a Clemtex label, Clemtex was holding itself out as a manufacturer and can be held strictly liable as a manufacturer under the holding of Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978). While Clemtex may be held liable because of its own actions, it is also possible that Clemtex will be found liable only as a Chappuis manufacturer of a product manufactured by Pulmosan, a strict liability theory. One who is held strictly liable for or constructively at fault for the tort of another and who is personally free from fault in the injury may be entitled to indemnity. Klumpp, supra; Carter v. Deitz, 505 So.2d 106 (La.App. 4 Cir.1987). Since it is possible that Clemtex will be found to be free from fault although strictly liable for the plaintiffs' injuries, an issue of fact remains with regard to Clemtex's entitlement to indemnity from Pulmosan. Thus, summary judgment was not appropriate.
Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Pulmosan.
REVERSED AND REMANDED.