PICKETT, Judge.
_JjThe relator-defendant in cross-claim, Allen J. Patout (“Allen Patout”), seeks supervisory writs from the judgment of the trial court, which overruled his Exception of No Cause of Action.
STATEMENT OF THE CASE
This case arises from an accident in which it is alleged that the Plaintiff, Mark Patout, was inside an elevator located on property owned by Allen Patout when the cable holding the elevator snapped, causing the elevator to fall. Mark Patout filed suit against his brother, Allen Patout, for injuries he sustained as a result of the failure of the elevator. Mark Patout filed his Petition for Damages on November 20, 2015, naming as defendants Allen Patout, as the property owner; his insurer, Underwriters at Lloyd’s, London; Pittsburgh Automotive as the manufacturer and seller of the hoist system at issue; Harbor Freight Tools USA, Inc. (“Harbor Freight”), as the manufacturer and seller of the hoist system at issue; and unknown insurers. The petition indicates that Allen Patout built the elevator himself, using a hoist system manufactured and sold by Pittsburgh Automotive and Harbor Freight.
Mark Patout filed a First Amending Petition for Damages to identify more specifically Certain Underwriters at Lloyd’s, London Subscribing to Certificate No. ARK-PL-H2382 (“Underwriters at Lloyd’s”), as Allen Patout’s insurer. Mark Patout then filed a Second Amending Petition for Damages to assert additional allegations against Harbor Freight.
Harbor Freight filed an Answer and Affirmative Defenses to Mark Patout’s Original, First, and Second Amending Petitions for Damages, Cross-Claim, and Jury Demand. As plaintiff in cross-claim, Harbor Freight named Allen Patout and ^Underwriters at Lloyd’s and is seeking contribution and/or indemnification for any judgment rendered against it.
Allen Patout filed an Exception of No Cause of Action and/or Motion to Strike Cross-Claim in response to Harbor Freight’s Cross-Claim. Underwriters at Lloyd’s filed a Motion to Adopt the Exception of No Cause of Action. The exception was heard by the trial court on August 31, 2016, and the trial court denied the exception.
SUPERVISORY RELIEF
A court of appeal has plenary power to exercise supervisory jurisdiction over trial courts and may do so at any time, according to the discretion of the court. In cases in which a peremptory exception has been overruled by the trial court, the appellate court appropriately exercises its supervisory jurisdiction when the trial court’s ruling is arguably incorrect, a reversal will terminate the litigation, and there is no dispute of fact to be resolved. Charlet v. Legislature of State of La., 97-0212 (La.App. 1 Cir. 6/29/98), 713 So.2d 1199, 1202, writs denied, 98-2023, 98-2026 (La. 11/13/98), 730 So.2d 934. In such instances, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam).
*1285 ON THE MERITS
Exception of No Cause of Action
The purpose of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. Venture Assocs. v. Transportation Underwriters of La., 93-539 (La.App. 3 Cir. 03/02/94), 634 So.2d 4, writ denied, (La. 7/1/94), 639 So.2d 1165. “The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to plaintiff if those factors are proved at trial.” Id. at 6. “When it can reasonably do so, the court should maintain a petition as to afford the litigant an opportunity to present his evidence.” Klumpp v. XYZ Ins. Co., 547 So.2d 391, 393 (La.App. 3 Cir.), writ denied, 551 So.2d 1322 (La.1989).
Allen Patout argues that Harbor Freight does not have a cause of action recognized under Louisiana law for contribution or indemnity against its co-tortfea-sors. Mr. Patout cites to La.Civ.Code art. 2324, which was amended in 1996 to eliminate solidary liability, making noninten-tional tortious acts joint and divisible, with each joint tortfeasor liable only for its own degree of fault, except where tortfeasors conspire to commit an intentional or willful act.[1] Allen Patout argues that there have been no claims of any intentional or wfllful act made in this matter, nor is there an allegation of any indemnity agreement.
In response, Harbor Freight contends that it has a viable cause of action for contribution and indemnity, as any fault for Mark Patout’s accident stems from Allen Patout’s negligence, not Harbor Freight’s. The Petition for Damages and its Amendments allege that Mark Patout’s injuries are a direct result of the negligence 14of Allen Patout and that Allen Pat-out had full and total control of the elevator and installed it. Harbor Freight argues that under Nassif v. Sunrise Homes, Inc., 98-3193 (La. 6/29/99), 739 So.2d 183, this is sufficient for a cause of action for contribution and indemnity.
Based upon the allegations made by Mark Patout and Harbor Freight, Harbor Freight has a cause of action for contribution and/or indemnity. It it is possible that Allen Patout is at fault for the injuries suffered by Mark Patout when the homemade elevator failed, considering Harbor Freight’s allegation that the equipment it sold was used in a manner for which it was never intended. Harbor Freight stated this cause of action in its Answer and Affirmative Defenses to Mark Patout’s Original, First, and Second Amending Petitions for Damages, Cross-Claim, and Jury Demand.
Analysis
Under Louisiana law, a party not at fault that incurs liability due solely to the fault of others is entitled to seek recovery from the party at fault for implied or passive indemnity. Nassif, 739 So.2d 183.
It has long been held in Louisiana that a party not actually at fault, whose liability results from the fault of others, may *1286 recover by way of indemnity from such others. The cases have referred to this imposed liability variously as technical, constructive, vicarious and derivative.
Id. at 186.
In Nassif, a defendant home builder, Coast, filed a Third-Party Demand for contribution and indemnity from an engineering firm, Krebs, after being sued in redhibition by the plaintiff homeowner. The trial court found that the home at issue contained defects, that Krebs negligently performed its engineering services and that all the damages suffered by the plaintiff and Coast were caused by Krebs. IfiThe Louisiana Supreme Court affirmed the trial court’s judgment awarding Coast indemnity against Krebs. The supreme court noted that a party not actually at fault, whose liability results from the fault of others, may recover through indemnification.
Similarly, Harbor Freight asserted the complete fault of co-defendant, Allen Pat-out, for his misuse of the automotive engine hoist. Based upon the allegations made by Mark Patout, we find that Harbor Freight has a cause of action for contribution and/or indemnity, because it is possible that Allen Patout misused, failed to properly install, or failed to comply with the warnings against using the automotive joist manufactured by Harbor Freight to lift people.
Harbor Freight also cites to Klumpp, 547 So.2d 391, in support of its argument that even if the plaintiff alleges negligence on the part of the indemnitee, this does not preclude a cause of action for indemnification. In Klumpp, survivors of a pipeline owner’s employee, who died as a result of an accident with the pipeline, brought a negligence and strict liability suit against the construction company, its insurer, and the manufacturer. The construction company filed a demand for indemnity against the manufacturer, and in turn, the manufacturer filed an exception for no cause of action. The court in Klumpp stated, “Indemnity is due when fairness requires that one person bear the total responsibility for an injury.” Id. at 393. The court held that the manufacturer’s exception of no cause of action should have been overruled, as the construction company’s petition alleged that the accident was due primarily to the acts of the manufacturer and that the construction company was only technically or constructively at fault. The court explained:
[Manufacturer] Deere’s exception of no cause of action was based on the mistaken proposition of law that the allegations of the original plaintiffs’ petition determine whether |fla party may seek indemnity from a third person. Thus, according to Deere, if the original plaintiffs in the pleadings make an allegation that the third party plaintiff is negligent, the third party plaintiff is not entitled to indemnity as a matter of law... However, this is clearly not the law of this state.
Id. at 394. (citation omitted). The court further explained that “a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. Robinson v. La. Dept. of Transp. and Dev., 454 So.2d 257 (La. App. 1st Cir.), writ denied, 458 So.2d 122 (La.1984).” Id. at 394.
In response, Allen Patout argues that the jurisprudence cited by Harbor Freight, including Klumpp, is outdated, and therefore, does not support Harbor Freight’s cause of action. However, Mr. Patout does not cite to any subsequent jurisprudence that overrules or disagrees with these decisions. Furthermore, this court has cited to Klumpp in two more recent cases, Hai Nam Restaurant Partnership v. B & B Const. of New Iberia, 06-729 (La.App. 3 Cir. 11/2/06), 942 So.2d 97, writ denied, 06- *1287 2751 (La. 1/26/07), 34 So.3d 261, and Hesse v. Champ Service Line, 02-84 (La.App. 3 Cir. 10/2/02), 828 So.2d 687, on the issues of contribution and indemnity.
In Hesse, the plaintiffs filed a products and premises liability based suit against several defendants after an employee was electrocuted while grabbing a vehicle’s water pump. The plaintiffs based their claim against the defendants on strict liability and/or negligence. The first claim involved the manufacture and distribution of the alleged defective product by the product manufacturer, and the second claim concerned the alleged liability of the remaining defendants under premises liability. The lessee brought a third-party demand against the product manufacturer for indemnity based upon strict liability and/or negligence. The Third Circuit cited to Nas-sif, 739 So.2d 183, when considering the indemnity claim:
Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement. An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to the imposed.
Id. at 690 (Citations omitted). Similarly, Harbor Freight has stated a cause of action discharging liability to Allen Patout.
Allen Patout further relies on Beauregard v. State of La, through the DOTD, 09-271 (La.App. 3 Cir. 10/7/09), 21 So.3d 442, in arguing that a third-party demand for indemnification is not recognized under Louisiana law unless there is an agreement to be solidarily bound or if there is a joint intentional act. However, Allen Pat-out’s reliance is misplaced. In Beauregard, the plaintiff filed suit against the State after she fell due to an alleged defect in a sidewalk. The State filed a third-party demand against the City, asserting that, should it be found liable, it should be indemnified by the City, because the City owned and was responsible for maintaining the sidewalk. This court granted the City’s exception of no cause of action, holding that the State advanced no valid argument that it was due indemnification. The State argued that the City was the owner of and bore responsibility for the upkeep of the sidewalk such that it would be unjustly enriched if the State was found liable and had to pay damages. This can be distinguished from the present case, because mBeauregard, the State alleged unjust enrichment, without making any allegations of complete exoneration from | Rfault. Comparatively, Harbor Freight has argued that they are completely without fault; thus, Harbor Freight may be due indemnity from Allen Patout.
Considering the facts as alleged in the petition and the relevant law, we find that the trial court did not err in denying the exception of no cause of action.
Accordingly, the application for supervisory writs is denied.
WRIT DENIED.
Gremillion, J., dissents and assigns written reasons.

. La.C.C. art. 2324 states:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, the liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tort-feasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable.