**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity**

v.

**Burnice E. BOOTH, V.W. Brignac, John E. Coxe, Sr., Earnest S. Easterly, Jr., Victor Holland, Milton D. Hughes, Jack C. Odom, Enos T. Parker, John W. Peak, Joseph E. Price, Coley A. Scott, M.J. Simoneaux, Jimmy B. Smith, Cecil R. Tyler, Victor Varnado, Edwin Walker, and the St. Paul Insurance Co.**

Civil Action No. 92–217–B.

United States District Court, M.D. Louisiana.

Oct. 24, 1996.

---

Victor L. Roy, III, Roy, Kiesel, Aaron & Tucker, Baton Rouge, LA, for Federal Deposit Insurance Corporation.

Todd A. Rossi, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Burnice E. Booth.

Tom Fore Phillips, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for John E. Coxe.

Harry Joseph Phillips, Jr., Tom Fore Phillips, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for Victor Holland.

William Hardy Patrick, III, Schwab & Walter, Baton Rouge, LA, for Milton D. Hughes.

Allen M. Posey, Jr., Allen M. Posey, Jr., Attorney at Law, Baton Rouge, LA, for Enos T. Parker, Victor Varnado.

Todd A. Rossi, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, Judith R.E. Atkinson, Thomas E. Balhoff, Roedel, Parsons, Hill & Koch, Baton Rouge, LA, for John W. Peak, M.J. Simoneaux, Edwin Walker.

Todd A. Rossi, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Joseph E. Price.

Marvin E. Owen, Baton Rouge, LA, for Coley A. Scott.

Larry Michael Roedel, David Alva Woolridge, Jr., Roedel, Parsons, Forrester, Hill & Koch, Baton Rouge, LA, for Jimmy B. Smith.

Alton Shelby Easterly, III, Easterly & Pittman, Denham Springs, LA, for Cecil R. Tyler.

Howard Marks, Mishthi Grace Ratnesar, Gary Joseph Rouse, Koch & Rouse, New Orleans, LA, Harvey C. Koch, Jr., Koch & Rouse, New Orleans, LA, for St. Paul Insurance Company.

Louis Jerome Stanley, Baton Rouge, LA, for Modest Wall Brignac.

## RULING ON JOINT MOTION TO DISMISS AND FOR SETTLEMENT BAR ORDER

POLOZOLA, District Judge.

This matter is before the Court on the joint motion of plaintiff, Federal Deposit Insurance Corporation ("FDIC") and settling defendant, Cecil R. Tyler, (collectively referred to as the "settling parties") to dismiss the claims against Tyler and to enter a pro tanto settlement bar order prohibiting the remaining non-settling defendants from obtaining contribution or indemnity from Tyler.

The settling parties filed this joint motion requesting dismissal of all claims against Tyler, and requesting a pro tanto settlement bar order. The non-settling defendants do not oppose the settling parties' request for dismissal of claims against Tyler, nor do the non-settling defendants oppose the motion to bar claims for contribution or indemnity against Tyler.

The non-settling defendants do oppose the entry of a pro tanto settlement bar order claiming any such order is premature until the liability between the non-settling defendants and the FDIC is judicially determined. Alternatively, if the Court determines that entry of a pro tanto settlement bar order is not premature, the non-settling defendants assert that Louisiana law should apply in determining whether to enter a pro tanto or proportionate reduction settlement bar rule. If Louisiana law applies, the non-settling defendants contend that Louisiana law mandates the proportionate reduction settlement bar rule be adopted by this Court.

For the reasons which follow, the joint motion of the settling parties is granted in part and denied in part. The Court dismisses all claims against Tyler as requested by the settling parties. Furthermore, the Court denies the FDIC's request to adopt federal common law and implement the pro tanto

settlement bar rule. The Court holds that Louisiana law applies, and that Louisiana law mandates application of the proportionate reduction settlement bar rule. Since the Court finds that the Louisiana proportionate reduction rule applies, the issue of the prematurity of the application of the pro tanto settlement bar rule will not be addressed by the Court.

### FACTS AND PROCEDURAL HISTORY

Livingston Bank & Trust was declared insolvent on March 16, 1989. The FDIC filed this suit on March 13, 1992, against various former officers and directors of Livingston Bank & Trust. St. Paul Insurance Company ("St. Paul") was also named as a defendant under the Louisiana Direct Action Statute.[1] St. Paul filed a motion for summary judgment on the ground that no event had occurred during the period in which the policy was in effect which would result in coverage under the terms of the policy. This Court granted summary judgment in favor of St. Paul, and the Fifth Circuit Court of Appeals affirmed.[2]

In the interim, the FDIC settled with Tyler. The settling parties filed this joint motion requesting dismissal of all claims against Tyler, and requesting a pro tanto settlement bar order.

### LAW AND ANALYSIS

I. *Choice of Law*

Before determining whether to apply the pro tanto or proportionate reduction settlement bar rule, it must be determined whether federal law or state law applies. The settling parties have not explicitly addressed this issue. The non-settling defendants assert that, based on *O'Melveny & Myers v. FDIC*,[3] Louisiana law applies to the determination of which settlement bar rule to adopt.

The issue "of whether, in a suit brought by the [FDIC] as receiver of a federally insured bank, a federal-law or state-law rule of decision governed issues not specifically ad-

---

**1.** La.Rev.Stat.Ann. § 22:655 (West 1992).

**2.** *FDIC v. Booth*, 82 F.3d 670 (5th Cir.1996).

**3.** 512 U.S. 79, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994).

dressed by FIRREA"[4] was discussed by the Court in both *O'Melveny* and in *RTC v. Young*.[5] This Court now faces the same issue in the instant case.

The Supreme Court held in *O'Melveny* that [i]n answering the central question of displacement of [state] law, we of course would not contradict an explicit federal statutory provision. Nor would we adopt a court-made rule to supplement a federal statutory regulation that is comprehensive and detailed; matters left unaddressed in such a scheme are presumably left subject to the disposition by state law.[6]

"Thus, state law applies unless 'some provision in the extensive framework of FIRREA provides otherwise. To create additional federal common law exceptions is not to 'supplement' this scheme, but to alter it.'"[7]

 "As no specific statutory provision [under FIRREA] dictates the appropriate contribution and indemnification rules to apply, a court should apply state law unless"[8] it is appropriate to create federal common law. Fashioning special federal rules or federal common law is justified only in "'few and restricted'"[9] cases. For this Court to create federal common law, this Court must first find that the legal issue involves "the rights of the United States arising under nationwide federal programs."[10] Second, this Court must find a "'significant conflict between some federal policy or interest and the use of state law,'"[11] and this policy or inter-est must be "specific" and "concrete."[12] Supreme Court "cases uniformly require the existence of such a conflict as a precondition for recognition of a federal rule of decision."[13]

Addressing the first question of whether the rights of the United States are involved, the Supreme Court noted "the FDIC is not the United States, and even if it were[,] we would be begging the question to assume that it was asserting its own rights rather than as receiver...."[14]

To support its argument on the second issue of whether a "significant conflict existed between some federal policy or interest and the use of state law," the FDIC relies primarily on *FSLIC v. McGinnis, Juban, Bevan, et al.*[15] The *McGinnis* court held that when the FDIC (acting as receiver) is settling cases, there is a "significant conflict" between federal policy and state law, and that the pro tanto rule under federal common law should be adopted, instead of the Louisiana proportionate reduction rule.

The *McGinnis* court based its decision on the factors set forth in *United States v. Kimbell Foods*.[16] *Kimbell Foods* held a court should weigh the following three factors in determining whether to adopt a state law or develop a nationally uniform federal rule: (1) necessity of uniformity in administering federal programs;[17] (2) "whether application of state law 'would frustrate specific objectives of the federal programs;' and (3)

4. *RTC v. Young*, 925 F.Supp. 164, 167 (S.D.N.Y. 1996).

5. 925 F.Supp. 164 (S.D.N.Y.1996).

6. *O'Melveny*, 512 U.S. at 85–87, 114 S.Ct. at 2054.

7. *Young*, 925 F.Supp. at 167 (quoting *O'Melveny*, 512 U.S. at 85–87, 114 S.Ct. at 2054).

8. *Young*, 925 F.Supp. at 167.

9. *O'Melveny*, 512 U.S. at 87–89, 114 S.Ct. at 2055 (quoting *Wheeldin v. Wheeler*, 373 U.S. 647, 651, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963)).

10. *O'Melveny*, 512 U.S. at 85, 114 S.Ct. at 2053 (quoting *United States v. Kimbell Foods*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979)).

11. *O'Melveny*, 512 U.S. at 87, 114 S.Ct. at 2055 (quoting *Wallis v. Pan American Petroleum Corp.*, 384 U.S. 63, 68, 86 S.Ct. 1301, 1304, 16 L.Ed.2d 369 (1966)).

12. *O'Melveny*, 512 U.S. at 86–89, 114 S.Ct. at 2055.

13. *O'Melveny*, 512 U.S. at 86–89, 114 S.Ct. at 2055.

14. *O'Melveny*, 512 U.S. at 85, 114 S.Ct. at 2053.

15. 808 F.Supp. 1263 (E.D.La.1992).

16. 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979).

17. See *Kimbell Foods*, 440 U.S. at 728, 99 S.Ct. at 1458.

whether and to what extent the 'application of a federal rule would disrupt commercial relationships predicated on state law.' "[18]

Applying the above three factors, the *McGinnis* court held that a federal rule of decision adopting a pro tanto settlement bar rule was justified with regard to settlements by the FDIC acting as receiver. *McGinnis* found that "[b]y enacting a sprawling statutory scheme, Congress has left little doubt that uniformity of standards governing the regulation of banks and the federal bank insurance system is to be the rule, rather than the exception."[19] In addition, *McGinnis* found "[t]he FDIC's statutory mission is to promote and maintain the stability of the federal deposit insurance fund and the public's confidence in the viability of the banking system."[20] Concerning the third *Kimbell Foods* factor, *McGinnis* noted that "applying a uniform settlement bar rule upset no state law based commercial relationships."[21]

The Supreme Court addressed two of the three arguments set forth above in the *O'Melveny* decision. First, the Supreme Court considered the argument that "uniformity" justifies the creation of federal common law. The Supreme Court stated that "[u]niformity of law might facilitate the FDIC's nationwide litigation of these suits, eliminating state-by-state research and reducing uncertainty—but if the avoidance of those ordinary consequences qualified as an identifiable federal interest, we would be awash in 'federal common-law' rules."[22] Thus, when the FDIC is acting as a receiver, "uniformity" is no justification for supplanting state law.

Second, the *O'Melveny* Court addressed the issue of whether maintenance of the deposit insurance fund justified creation of a federal common law rule. The Supreme Court characterized this argument as "[t]he closest [the FDIC] comes to identifying a specific, concrete federal policy or interest that is compromised by [state] law...."[23] However, the *O'Melveny* Court found this argument without merit as "neither FIRREA nor the prior law sets forth any anticipated level for the [deposit insurance] fund, so what [the FDIC] must mean by 'depletion' is simply the forgoing of any money which, under the conceivable legal rules, might accrue to the fund."[24] The Supreme Court characterized this argument as a "broad principle" not meeting the requirement that there be "strong conflict" between a "specific, concrete federal policy" and state law.[25] The Court further noted that "there is no federal policy that the fund should always win."[26] Thus, maintenance of the deposit insurance fund is not a justification for creating federal common law.

■ Based on the forgoing, the reasoning and decision in *McGinnis* is no longer applicable under *O'Melveny*. Furthermore, because the rights of the FDIC and not the rights of the United States are at stake, and because there is no "specific," "concrete," and "significant conflict" existing between federal policy and state law, Louisiana law should be applied to the issue of whether to adopt a pro tanto or proportionate reduction settlement bar rule.

## II. *Louisiana Law: Settlement Bar Rules*

■ There are two types of settlement bar rules: the pro tanto rule and proportionate reduction rule. Under the pro tanto rule, non-settling defendants would receive a "dollar-for-dollar credit for any amount paid by the settling defendants."[27] As such, the FDIC would not incur a loss if the FDIC

---

**18.** *McGinnis*, 808 F.Supp. at 1276 (quoting *Kimbell Foods*, 440 U.S. at 728–29, 99 S.Ct. at 1459).

**19.** *McGinnis*, 808 F.Supp. at 1277.

**20.** *McGinnis*, 808 F.Supp. at 1277.

**21.** *McGinnis*, 808 F.Supp. at 1277.

**22.** *O'Melveny*, 512 U.S. at 88, 114 S.Ct. at 2055.

**23.** *O'Melveny*, 512 U.S. at 88, 114 S.Ct. at 2055.

**24.** *O'Melveny*, 512 U.S. at 88, 114 S.Ct. at 2055.

**25.** *O'Melveny*, 512 U.S. at 87–89, 114 S.Ct. at 2055.

**26.** *O'Melveny*, 512 U.S. at 88, 114 S.Ct. at 2055.

**27.** *FDIC v. Mmahat*, 907 F.2d 546, 550 (5th Cir.1990), *cert. denied*, 499 U.S. 936, 111 S.Ct. 1387, 113 L.Ed.2d 444 (1991).

underestimates a settling defendant's liability. The non-settling defendants would be held liable for the amount of the underestimate.[28]

■ Louisiana has adopted the proportionate reduction rule. Under the Louisiana proportionate reduction rule, liability of non-settling defendants is reduced by the percentage of fault attributed to settling parties.[29] Thus, the FDIC would maintain the risk of loss for underestimating the liability of a settling defendant.[30] "[T]he effect of the settlement is to reduce the actual exposure of the non-settling [defendants] to that part of the damages his fault is found to have caused." [31]

Based on the forgoing, the Court holds the Louisiana proportionate reduction settlement bar rule applies. The non-settling defendants are entitled to receive a credit based on the percentage of fault attributable to Tyler at trial of this case.

Therefore:

IT IS ORDERED that the joint motion of the plaintiff and the settling defendant, Cecil R. Tyler, is GRANTED in part and DENIED in part. That portion of the motion requesting dismissal of all claims by the plaintiff against the settling defendant, Cecil R. Tyler, is GRANTED; that portion of the motion requesting that all claims for contribution and indemnity which may be made by the non-settling defendants against Tyler be barred is GRANTED; that portion of the motion requesting adoption of the pro tanto settlement bar rule is DENIED. The Court orders that the Louisiana proportionate reduction settlement bar rule shall be applied in determining the credit against the potential liability of the non-settling defendants for the amount of the settlement by Tyler.

It is so ordered.

---

**28.** "For example, assuming A and B are co-defendants, under a pro tanto rule, if A settled for $1000 before trial, then B would get a $1000 credit on whatever amount the jury assessed against him." *Mmahat*, 907 F.2d at 550 n. 4. Thus, if the final judgment was for $3000 and A and B were each 50% at fault, B must pay $2000 and the FDIC is not accountable for the risk of a deficient settlement.

**29.** See *FDIC v. Mijalis*, 15 F.3d 1314, 1322 (5th Cir.1994); *Mmahat*, 907 F.2d at 550; *Diggs v. Hood*, 772 F.2d 190, 194 (5th Cir.1985); *RTC v. Evans*, 1993 WL 354796 (E.D.La.1993); *McGinnis*, 808 F.Supp. at 1276; *Couvillion v. Shelter Mutual Ins. Co.*, 951186 (La.App. 1st Cir. 4/4/96), 672 So.2d 277, 283.

**30.** For example, assume A and B are co-defendants, but A settles for $1000 before trial. At trial, A and B are found each 50% at fault for a total $3000 judgment. B would receive a $1500 credit (50% × $3000) and would be liable for $1500 of the judgment. Under this rule, the FDIC would absorb the risk of the deficient settlement recovering only $2500 of the judgment, $1500 from B and $1000 from A.

