**LOCAL 875 I.B.T. PENSION FUND, Louis Smith and Steven Gilman as Trustees of the Local 875 I.B.T. Pension Fund, Plaintiffs,**

v.

**Sanford E. POLLACK, Burton J. Horowitz, Horowitz and Pollack, P.C., Infinity International Investments Ltd., Mulk Raj Dass, Chloe Peterson, Glenn P. Pellegrin, James T. Kalyvas, Compagnie D'Etudes et de Participations S.A., Nigel Stovin–Bradford, Frederick Gevers, Joachim D'Souza, Stewart N. Altman and Stewart N. Altman and Associates, P.C., Defendants.**

**Local 875 I.B.T. Pension Fund, Louis Smith and Steven Gilman as Trustees of the Local 875 I.B.T. Pension Fund, Plaintiffs,**

v.

**Bear, Stearns & Co. Inc., David A. Friedmann, and Mercantile Capital Corporation, Defendants.**

**Nos. 95 CV 3989 NGMLO, 98 CV 4006 NGMLO.**

United States District Court, E.D. New York.

May 11, 1999.

David M. Schlecker, Anderson Kill & Olick, P.C., New York City, for Plaintiffs.

Celia Goldwag Barenholtz, Robert Mandel, Kronish Lieb Weiner & Hellman LLP, New York City, for Defendant CEPA.

Arthur Felsenfeld, Andrews & Kurth, New York City, for Defendant Bear Stearns.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiffs and defendants Compagnie D'Etudes et de Participations S.A. ("CEPA") and Bear Stearns & Co., Inc. ("the settling defendants") move for approval and entry of a proposed "Final Judgment and Bar Order" ("the Bar Order") with respect to each of two related actions, 95 CV 3989 ("the Main Action"), and 98 CV 4006 ("the Bear Stearns Action"). These actions[1] seek recovery for damages arising from plaintiffs' investment of $9.3 million of Local 875 I.B.T. Pension Fund assets in a purported bank note. Plaintiffs bring these actions on a variety of legal grounds including Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1861 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*[2], and the common law.

In each action, the Bar Order would: (1) dismiss the particular action, including all claims and cross-claims which seek contribution or indemnification, with prejudice as to the settling defendant; (2) bar any future claims against the settling defendant for contribution or indemnification brought by any and all the defendants (except for Gevers in the Main Action[3]), their successors, representatives or assigns in the related actions; (3) preclude the settling defendant from asserting any contribution or indemnification claim against the defendants (except for Gevers in the Main Action) in the related actions; and (4) reduce any verdict plaintiffs may secure against any remaining defendant in any of the related actions by the amount of the settling defendant's settlement payment or by the proportional share of the damages attributable to the settling defendant as may be determined by the court or the trier of fact at trial, whichever is greater. This insures that the non-settling defendants will receive the benefit of *both* the

1.  Additional related actions, *Local 875 I.B.T. Pension Fund, et al., v. Albert DeAngelis, et al.*, 96 CV 5253, and *Ricklin v. DeAngelis*, 97 CV 3471, consolidated at 96 CV 5253, were dismissed pursuant to a Stipulation and Order dated February 4, 1999.

2.  Plaintiffs' ERISA claim against CEPA was dismissed in a prior opinion. *See Local 875 I.B.T. Pension Fund, et al. v. Pollack, et al.*, 992 F.Supp. 545, 569 (E.D.N.Y.1998).

3.  The proposed Bar Order in the Main Action excludes contribution or indemnification claims by or against Frederick Gevers. In the Amended Complaint, plaintiffs allege that Gevers was an agent of CEPA. Because CEPA is not willing to relinquish either its independent or its third-party claims against Gevers, plaintiffs and CEPA have agreed to exclude Gevers from the effect of the Bar Order. On April 15, 1998, plaintiffs filed a motion for entry of a default judgment against Gevers, which was granted as to liability on July 2, 1998.

CEPA and Bear Stearns settlements. In the Bar Order that would be entered in the Main Action, CEPA retains the right to assert any and all counterclaims against any party who is not a Barred Party and/or against any party who is found by any Court not to be subject to the terms of the Bar Order in any action subsequently commenced against CEPA or any of CEPA's past or present representatives, officers, employees (except Frederick Gevers), successors, assigns, *et alia*, regardless of whether the action relates to one or both of the related actions that is the subject of the Bar Order. In the Bar Order that would be entered in the Bear Stearns Action, the Bear Stearns Releasees "shall retain the right to assert any and all counterclaims in any action subsequently commenced against any of the Bear Stearns Releasees regardless of whether said action relates to the Bear Stearns Action or the Main Action." Both Bar Orders also provide that "[t]here being no just cause for delay, this Final Judgment and Bar Order shall be entered forthwith as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure."

The motion for entry of the Bar Order in the Bear Stearns Action is unopposed. In the Main Action, defendant Chloe Peterson, acting on behalf of herself, Mulk Raj Das, and Infinity International Invest-

ments Ltd. ("Infinity"[4]) ("the non-settling defendants"[5]), opposes the entry of the Bar Order. The non-settling defendants argue that this court should not approve a settlement containing a Bar Order which would preclude their claims against CEPA, the settling defendant. They claim that the Bar Order, particularly its judgment reduction provision, is based on an erroneous assumption that they have some relative fault in these proceedings, that the proposed Bar Order is unfair and unreasonable and that it violates ERISA. For the reasons set forth below, I find these objections to be without merit.

The non-settling defendants' argument that the Bar Order violates ERISA is without merit because plaintiffs' ERISA claim against CEPA was dismissed in this court's prior decision, *see Local 875 I.B.T. Pension Fund, et al. v. Pollack, et al.*, 992 F.Supp. at 569–70, thus foreclosing contribution or indemnification claims under ERISA against CEPA. The non-settling defendants also express concern that the Bar Order releases CEPA from all future claims against it. However, the non-settling defendants have not identified, either in their pleadings or in their Memorandum in Opposition to the Bar Order, any potential claims that they might have against CEPA.

■ As to any possible claims[6], the non-settling defendants are adequately

---

4. Pursuant to an order dated December 3, 1997, Stephen Hale, Esq. withdrew as defendant Infinity's attorney and no other counsel has filed an appearance with this court. Although Peterson purports to act on behalf of Infinity, a corporation cannot appear before this court if it is not represented by counsel. *See, e.g., Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir.1991); *Dow Chem. Pac. Ltd. v. Rascator Maritime, S.A.,* 782 F.2d 329, 336 (2d Cir.1986).

5. Defendants Pollack, Horowitz and Horowitz & Pollack, P.C., withdrew their opposition to the Bar Order in the Main Action. All claims against defendants Stewart N. Altman, and Stewart N. Altman & Associates, P.C. in this action have been dismissed with prejudice.

*See* Stipulation and Order of December 22, 1998.

6. As a matter of law, many potential claims for contribution or indemnification are unavailable. As noted in the text at p. 132, no ERISA claims are available; and there is no right to contribution or indemnification under RICO. *See, e.g., Sequa Corp. v. Gelmin,* 851 F.Supp. 106, 108 (S.D.N.Y.1994); *Friedman v. Hartmann,* 787 F.Supp. 411, 417–18 (S.D.N.Y.1992). N.Y. General Obligations Law § 15–108(b) precludes common law contribution claims by the non-settling defendants, *see infra* p. 133, and the non-settling defendants have not identified any ground for indemnification. *See generally Resolution Trust Corp. v. Young,* 925 F.Supp. 164, 168 (S.D.N.Y.1996); *Stanley v. Bertram–Trojan, Inc.,* 781 F.Supp. 218, 220 (S.D.N.Y.1991).

protected by the judgment reduction provision in the Bar Order in the Main Action, which credits the non-settling defendants for amounts contributed to the settlement by CEPA, and the identical judgment reduction provision in the Bear Stearns Action. Each provides that the plaintiffs will reduce any judgment obtained against a non-settling defendant by the greater of (1) the amount of the settling defendant's payment (known as the "pro tanto" method of reduction) or (2) the proportional share of the damages attributable to the settling defendant as may be determined by the court or the trier of fact at trial (known as the "proportionate share" method). The Supreme Court has endorsed the proportionate share method in admiralty suits for damages and expressed its disfavor for use of the pro tanto method, even if supplemented with good faith hearings. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994). *See also Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) (noting, after vacating as moot a district court pro tanto bar order entered in a securities fraud action, that it would be "unwise" to leave standing a pro tanto bar order in light of *McDermott* ).

The judgment reduction provision in the Bar Orders proposed here adequately protects the non-settling defendants because it provides them the "greater of" the pro tanto and the proportionate share methods. *Cf. In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1031 (2d Cir.1992) (disapproving of a settlement bar that provided for the "lesser" of the pro tanto and proportionate share judgment reduction methods because the settlement "provide[d] for a judgment reduction that may be less than the amount paid by the settling defendants" and because the district court did not make a "proper determination that the settlement would compensate [the non-settling defendant] fairly for his lost right to contribution."). Here, the concerns expressed by the court in *Masters* do not arise. As the court in *Resolution Trust Corp.*, 925 F.Supp. at 168, found, under New York's settlement bar rule, N.Y. General Obligations Law § 15–108(b),[7] "there is no need for a fairness hearing because even if a plaintiff settles for too little, the non-settling defendant is still entitled to a credit equal to the settling defendant's proportionate share of fault."

The policy in favor of settlement is strong. I find that the judgment reduction provision here preserves the non-settling defendants' rights while assuring that those parties who wish to settle can do so.[8]

### CONCLUSION

For the preceding reasons, the motions to enter Bar Orders in the Main Action, 95 CV 3989, and the Bear Stearns Action, 98 CV 4006 are granted. Pursuant to Fed. R.Civ.P. 54(b), the court finds that there is no just reason for delay and the Clerk of Court is directed to enter the Final Judgments and Bar Orders in these two actions.

**SO ORDERED.**

### FINAL JUDGMENT AND BAR ORDER

Plaintiffs Local 875 I.B.T. Pension Fund (the "Fund"), and Louis Smith ("Smith")

---

7. This settlement bar rule, which is identical to the judgment reduction provision at issue here, provides that, when one defendant settles, any remaining defendants are chargeable with the total verdict less the amount attributable to the settling defendant's percentage share, or the amount paid by the settling defendant, whichever is greater.

8. In *TBG, Inc. v. Bendis*, 36 F.3d 916, 926 (10th Cir.1994), the majority of a Tenth Circuit panel expressed concern about whether a district court would have jurisdiction to enter a bar order adopting a proportionate share method where the non-settling defendants had not filed cross-claims for contribution. While that is the case here, I agree with Justice White's concurring opinion in *TBG, Inc.*, 36 F.3d at 933–35, which found authority in the district courts to enforce bar orders and settlement agreements that provide for a proportionate share credit to non-settling defendants.

and Steven Gilman ("Gilman") as trustees having agreed to a settlement in principal of the second above-captioned action, enumerated 98 Civ. 4006(NG)(MLO) (the "Bear Stearns Action"), as between themselves and defendant Bear, Stearns & Co. Inc., ("Bear Stearns"), only; and

The Fund, Smith and Gilman being plaintiffs in the other above-captioned related action brought in this Court, enumerated 95 Civ. 3989(NG)(MLO) (the "Main Action") (the Bear Stearns Action and the Main Action are collectively referred to as the "Related Actions"), which with the Bear Stearns Action allege that the Fund had suffered economic injury in the principal amount of $9.15 million, plus other damages (the "Economic Injury"), with respect to the Fund's investment in a purported "Prime Bank Note," allegedly as the result of the acts of the defendants in the Related Actions; and

The Fund and Bear Stearns having filed a joint motion (the "Joint Motion") seeking the entry of this Final Judgment and Bar Order with respect to the Related Actions; and

All parties in all the Related Actions having received notice of the Joint Motion; and

Good cause appearing therefor:

NOW THEREFORE, it is HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. The Bear Stearns Action, including all claims and all cross-claims, are hereby dismissed with prejudice and without costs to any party, as against Bear Stearns only.

2. Each and every one of the defendants in the Bear Stearns Action and the Amended Complaint in the Main Action, and these defendants' successors, representatives, and assigns, and anyone claiming any right through them or under them (individually a "Barred Party" and collectively the "Barred Parties"), are permanently barred and enjoined from presenting, in the Bear Stearns Action, the Main Action, or in any other action, any third-party claim, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based against Bear Stearns, or against any of Bear Stearns' past or present representatives, officers, directors, parent corporations, employees, attorneys or any of their past or present heirs, executors, administrators, predecessors, successors, representatives and assigns (collectively the "Bear Stearns Releasees") on account of any liability or payment by any such Barred Party to any of the plaintiffs in any of the Related Actions, or arising out of the Economic Injury, or arising out of any rights, claims, or causes of action, whether known or unknown, that was, is, or could have been asserted in the Related Actions, or any one of them.

3. Bear Stearns and anyone claiming any right under it or through it, including its successors, representatives and assigns, is permanently barred and enjoined from presenting in the Bear Stearns Action, the Main Action, or in any other action, any third-party claim, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based against the Barred Parties, or any of them, or any of their past or present representatives, officers, directors, parent corporations, employees, attorneys, or any of their past or present heirs, executors, administrators, predecessors, successors, representatives, and assigns, on account of the payment by Bear Stearns to any of the plaintiffs in any of the Related Actions, or arising out of the Economic Injury, or arising out of any rights, claims, or causes of action, whether known or unknown, that was, is, or could have been asserted in the Related Actions, or any one of them.

4. Notwithstanding the terms of paragraphs 2 and 3 above, the Bear Stearns Releasees shall retain the right to assert any and all counterclaims in any action

subsequently commenced against any of the Bear Stearns Releasees regardless of whether said action relates to the Bear Stearns Action or the Main Action.

5. Notwithstanding the dismissal of Bear Stearns from the Bear Stearns Action, if any of the plaintiffs in either of the Related Actions (or any of their successors or assigns) secure a verdict against the Barred Parties, or any of them, in any of the Related Actions, or in any other litigation arising out of the Economic Injury, then the damages recoverable from the Barred Parties or the Barred Party, if any, shall be reduced by the greater of (a) the amount paid by Bear Stearns under the settlement referred to herein or (b) the proportional share of the Economic Injury attributable to Bear Stearns, as may be determined by the Court or the trier of fact at trial.

6. There being no just cause for delay, this Final Judgment and Bar Order shall be entered forthwith as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## FINAL JUDGMENT AND BAR ORDER

Plaintiffs Local 875 I.B.T. Pension Fund (the "Pension Fund"), and Louis Smith ("Smith") and Steven Gilman ("Gilman") as trustees having agreed to a settlement in principal of the first above-captioned action, enumerated 95 Civ. 3989(NG)(MLO) (the "Main Action"), as between themselves and defendant CEPA S.A., named in the complaint as Compagnie d'Etudes et de Participations S.A. ("CEPA"), only; and

The Pension Fund, Smith and Gilman being plaintiffs in the other above-captioned related action brought in this Court, enumerated 98 Civ. 4006(NG)(MLO) (the "Bear Stearns Action"), (collectively, the Main Action and the Bear Stearns Action are referred to as the "Related Actions"), which with the Main Action allege that the Pension Fund had suffered economic injury in the principal amount of $9.15 million, plus other damages (the "Economic Injury"), with respect to the Pension Fund's alleged investment in a purported "Prime Bank Note," allegedly as the result of the acts of the defendants in the Related Actions; and

Plaintiffs and CEPA having filed a joint motion (the "Joint Motion") seeking the entry of this Final Judgment and Bar Order with respect to the Related Actions; and

All parties in all the Related Actions having received notice of the Joint Motion; and

Good cause appearing therefor:

NOW THEREFORE, it is HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. The Main Action, including all claims and all cross-claims, are hereby dismissed with prejudice and without costs to any party, as against CEPA only.

2. Except for Frederick Gevers, each and every one of the defendants to each and every one of the Related Actions, and their successors, representatives, and assigns, and anyone claiming any right through them or under them (individually a "Barred Party" and collectively the "Barred Parties"), are permanently barred and enjoined from presenting, in the Main Action, the Bear Stearns Action, or in any other action, any third-party claim, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it is based against CEPA, or against any of CEPA's past or present representatives, officers, directors, parent corporations, units, divisions, shareholders, members, employees (except Frederick Gevers), attorneys and their staff, or any of their past or present heirs, executors, administrators, predecessors, successors, or assigns, on account of any liability or payment by any such Barred Party to any of the plaintiffs in any of the Related Action, or arising out of the Eco-

nomic Injury, or arising out of any rights, claims, or causes of action, whether known or unknown, that was, is, or could have been asserted in the Related Actions, or any one of them.

3. CEPA, and anyone claiming any right under it or through it, including its past or present representatives, officers, directors, parent corporations, units, divisions, shareholders, members, employees (except Frederick Gevers), attorneys and their staff, or any of their past or present heirs, executors, administrators, predecessors, successors, or assigns, is permanently barred and enjoined from presenting in the Main Action, the Bear Stearns Action, or in any other action, any third-party claim, or any claim for contribution or indemnification, however denominated and regardless of the allegations, facts, law, theories, or principles on which it·is based against the Barred Parties, or any of them, or any of their past or present representatives, officers, directors, parent corporations, subsidiaries, units, divisions, shareholders, employees, or any of their past or present. heirs, executors, administrators, predecessors, successors, or assigns, on account of the payment by CEPA to any of the plaintiffs in any of the Related Actions, or arising out of the Economic Injury, or arising out of any rights, claims, or causes of action, whether known or unknown, that was, is, or could have been asserted in the Related Actions, or any one of them.

4. The terms and conditions of paragraphs· 2 and 3 hereto do not apply to defendant Frederick Gevers, and it is expressly understood that CEPA may assert claims for contribution and indemnification, as well as independent claims, against Frederick Gevers, including but not limited to claims in connection with CEPA's settlement with and payment to any of the plaintiffs· in the Main Action and/or the Economic Injury, and that Frederick Gevers is similarly not barred from asserting claims against CEPA.

5. Notwithstanding the terms of paragraphs 2 and 3 above, CEPA shall retain the right to assert any and all counterclaims against any party who is not a Barred Party and/or against any party who is found by any Court not to be subject to the terms of this Bar Order, in any action subsequently commenced against CEPA or any of CEPA's past or present representatives, officers, directors, parent corporations, units, divisions, shareholders, members, employees (except Frederick Gevers), attorneys and their staff, or any of their past or present heirs, executors, administrators, predecessors, successors, or assigns, regardless of whether said action relates to the Related Actions, or any of them.

6. Notwithstanding the dismissal of CEPA from the Main Action, if any of the plaintiffs in any of the Related Actions (or any of their successors or assigns), secure a verdict against the Barred Parties, or any of them, in any of the Related Actions, or in any other litigation arising out of the Economic Injury, then the damages recoverable from the Barred Parties or the Barred Party, if any, shall be reduced by the greater of (a) the amount paid by CEPA under the settlement referred to herein or (b) the proportional share of the Economic Injury attributable to CEPA, as may be determined by the Court or the trier of fact at trial.

7. There being no just cause for delay, this Final Judgment and Bar Order shall be entered forthwith as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.