# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-271

JOAN BEAUREGARD

VERSUS

STATE OF LA, THROUGH THE DOTD, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,316
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Daniel Elmo Broussard, Jr.**
**Broussard, Bolton, Halcomb, & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309**
**(318) 487-4589**
**Counsel for Plaintiff/Appellee:**
**Joan Beauregard**

**John Albert Ellis**
**Assistant Attorney General**
**LA. Dept. of Justice**
**130 DeSiard Street, Ste 812**
**Monroe, LA 71201**
**(318) 362-5250**
**Counsel for Defendant/Appellant:**
**State of LA, Through The DOTD**

**Brandon Ashley Sues**
**Lottie L. Bash**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Third Party/Appellee:**
**City of Alexandria**

**GREMILLION, Judge**.

The State of Louisiana, Department of Transportation and Development (State), appeals the judgment in favor of the third-party defendant, the City of Alexandria (City). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2006, Joan Beauregard filed suit against the State urging that she was injured when she fell due to a three inch drop-off between sections of the sidewalk and street at the entrance of the Starlight Baptist Church located in Alexandria, Louisiana. In its answer, the State named the City as a third-party defendant asserting that should it be found liable, it should be indemnified by the City because the City owned the sidewalk.

In June 2008, the City filed a peremptory exception of no cause of action urging that no solidary obligation existed between the State and the City and, therefore, the State could not have a claim of indemnification against it. Following a September 2008 hearing, the trial court allowed the State ten days within which to amend its pleadings to state a cause of action against the City. The State timely filed an amended third-party demand. The City thereafter filed a motion to strike the supplemental and amending third-party demand and a peremptory exception of no cause of action. The City again argued that the State again failed to provide any legal basis upon which it could have a claim for indemnification against the City. The trial court granted the City's motion to strike and exception of no cause of action and dismissed the State's claims against the City with prejudice. The State now appeals. Its sole assignment of error is that the trial court erred in maintaining the City's exception of no cause of action.

1

## STANDARD OF REVIEW

In *Kinchen v. Livingston Parish Council*, 07-0478, p. 2 (La. 10/16/07), 967 So.2d 1137, 1138 (*quoting Fink v. Bryant*, 01-0987, pp. 3-4 (La. 11/29/01), 801 So.2d 346, 348-49), the supreme court set forth the role of an appellate court in reviewing a trial court's sustainment or denial of a peremptory exception of no cause of action:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining wether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. (Citations omitted.)

Accordingly, we must determine whether the State has set forth any facts indicating that it would have a valid claim of indemnification against the City.

## INDEMNIFICATION

The practice of filing a third-party demand for indemnification is nearly extinct in Louisiana following the 1996 amendments of La.Civ.Code art. 2324 abolishing solidarity among tortfeasors and instituting a system of comparative fault. *See* La.Civ.Code art. 2323. A solidary obligation is not only not presumed, but only arises if parties conspire "to commit an intentional or willful act" or if parties agree to be solidarily bound from a "clear expression of the parties' intent." La.Civ.Code

2

arts. 2324 and 1796. A review of the State's original third-party demand and its amended third-party demand reveals no indication of either. There is no allegation of an agreement between the State and the City to be bound solidarily nor is there any allegation of a jointly committed intentional act. The State's only allegations, in its original and supplemental third-party demand, are that the City is the owner of the street and sidewalk in question and is responsible for its repair and upkeep and that the City will be unjustly enriched if the State is found liable and has to pay damages to Beauregard.

The State's brief advances no valid argument in support of its contention that it is due indemnification from the City. Its claim that the City has been unjustly enriched at its expense is unfounded, particularly in light of the fact that the State has yet to be found liable for Beauregard's injuries.

### CONCLUSION

The judgment of the trial court dismissing the State's third-party demand is affirmed. All costs of this appeal are assessed against the defendant-appellant, the State of Louisiana, Department of Transportation and Development.

**AFFIRMED**.

3