GINA SWIFT,
v.
JUVENILE COURT, MRS. EMMA HAMER, MR. JOHN HAMER, KIMBERLY MORGAN, AND ATTORNEY GENERAL['S] OFFICE.
No. 09-1182.
Court of Appeals of Louisiana, Third Circuit.
March 10, 2010.
Not Designated for Publication
GINA SWIFT, In Proper Person, Plaintiff/Appellant.
GAIL N. McKAY, Defendant/Appellee: Kimberly Morgan.
JAMES D. "BUDDY" CALDWELL  Attorney General of the State of Louisiana, DAVID G. SANDERS  Assistant Attorney General, BRIDGET B. DENICOLA  Assistant Attorney General, PATRICIA H. WILTON  Assistant Attorney General, Louisiana Department of Justice, Legal Division, Defendants/Appellees: Attorney General of the State of Louisiana, Charles C. Foti, Jr. The Juvenile Court for the Parish of East Baton Rouge.
Court composed of GENOVESE, GREMILLION and CHATELAIN,[**] Judges.

MEMORANDUM OPINION
GENOVESE, Judge.
Plaintiff, Gina Swift, appeals the trial court's judgment granting a Dilatory Exception of Lack of Procedural Capacity filed by Defendant, the Juvenile Court for the Parish of East Baton Rouge, and granting a Peremptory Exception of No Cause of Action filed by Defendant, the Attorney General of the State of Louisiana, then Charles C. Foti, Jr. For the following reasons, we affirm.
Ms. Swift filed suit against Defendants, the Attorney General of the State of Louisiana, Charles C. Foti, Jr. (Attorney General), and the Juvenile Court for the Parish of East Baton Rouge (Juvenile Court), among others, based upon allegations that her son was "wrongfully taken from [her]" in a matter entitled State in the Interest of Leland Evans, Docket Number 89295, which was adjudicated in the Juvenile Court for the Parish of East Baton Rouge. The Juvenile Court responded with an Exception of Lack of Procedural Capacity, and the Attorney General responded with an Exception of No Cause of Action.
Following a hearing on December 4, 2006, the trial court granted the Exception of No Cause of Action and allowed Ms. Swift thirty days to amend her petition relative to the Exception of Lack of Procedural Capacity. The record contains two amended petitions with orders on behalf of Ms. Swift: one filed December 18, 2006; and one filed February 16, 2007, neither of which, according to the record, were signed by the trial court. These pleadings contain a multitude of assertions, including statements apparently made in an effort to name an individual judge as a defendant in lieu of the Juvenile Court.[1] The trial court signed a Judgment on April 9, 2007, granting both exceptions. On September 29, 2008, the trial court signed an Amended Judgment granting both exceptions and dismissing the lawsuit as to both Defendants. Exception of Lack of Procedural Capacity
The issue of whether the Juvenile Court has the procedural capacity to be sued involves a question of law. Questions of law are reviewed under the de novo standard of review to determine whether the ruling of the trial court was legally correct. Moon Ventures, L.L.C. v. KPMG, L.L.P., 06-1520 (La.App. 3 Cir. 8/15/07), 964 So.2d 446, writ denied, 07-1862 (La. 11/21/07), 967 So.2d 1156.
The Louisiana Civil Code recognizes natural persons and juridical persons. La.Civ.Code art. 24. Therefore, to have the procedural capacity to be sued, the Juvenile Court, which is obviously not a natural person, must qualify as a juridical person. Louisiana Civil Code Article 24 defines a juridical person as "an entity to which the law attributes personality, such as a corporation or a partnership." Additionally, "[t]he capacity of a juridical person is governed by provisions in its charter, governing legislation, and customs." La.Civ.Code art. 24, Comment (d).
The Louisiana Constitution, Article 5, entitled "Judicial Branch," provides for courts in this state, including juvenile courts. Absent therein is any provision declaring that juvenile courts are juridical persons or otherwise granting these courts the procedural capacity to be sued. Other legislation specifically establishing the Juvenile Court for the Parish of East Baton Rouge is contained in La.R. S. 13:1621 and the sections subsequent thereto. There are likewise no provisions in this legislation declaring the juvenile courts to be juridical persons or granting these courts the procedural capacity to be sued.
Finally, the record reveals that Ms. Swift conceded this issue at the hearing on the exception by her statement to the trial court that she "realized that [she] could not sue the juvenile court." Thus, she advised the trial court that she had amended her petition to sue the particular judge who presided over the matter; however, none of the orders accompanying her amended petitions were ever signed by the trial court.
We find that the law does not grant a juvenile court the procedural capacity to sue or be sued. Accordingly, we find no error in the trial court's grant of the Exception of Lack of Procedural Capacity.

Exception of No Cause of Action
In Kinchen v. Livingston Parish Council, 07-0478, p. 2 (La. 10/16/07), 967 So.2d 1137, 1138 (quoting Fink v. Bryant, 01-0987, pp. 3-4 (La. 11/29/01), 801 So.2d 346, 348-49), the supreme court set forth the role of an appellate court in reviewing a trial court's sustainment or denial of a peremptory exception of no cause of action:
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. (Citations omitted.)
Beauregard v. State ex rel. DOTD, 09-271, p. 2 (La.App. 3 Cir. 10/7/09), 21 So.3d 442, 443.
Although Ms. Swift named the Attorney General as a defendant in this matter, her original petition is devoid of any allegations whatsoever against this defendant.[2] At the hearing on the exception, Ms. Swift explained that she named the Attorney General as a party based upon her belief that the Attorney General's office was the agency with a supervisory role over the juvenile court system. Given Ms. Swift's failure to set forth any facts in support of a claim against the Attorney General, the trial court was legally correct in granting the Attorney General's Exception of No Cause of Action.

DECREE
For the foregoing reasons, the judgment of the trial court granting the Dilatory Exception of Lack of Procedural Capacity on behalf of the Juvenile Court for the Parish of East Baton Rouge, granting the Peremptory Exception of No Cause of Action on behalf of the Attorney General of the State of Louisiana, Charles C. Foti, Jr., and dismissing the lawsuit as to both defendants is affirmed in accordance with Uniform RulesCourts of Appeal, Rule 2-16.1(B). All costs are assessed to Gina Swift.
AFFIRMED.
NOTES
[**] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Both pleadings contain the statement: "I can't suit [sic] Juvenile Court, this is why Mrs. Pamela Johnson taking [sic] there [sic] place."
[2] We note that the record contains amending petitions which have assertions regarding the Attorney General. However, the Exception of No Cause of Action had been already granted by the trial court. As noted above, the trial court did grant Ms. Swift additional time to supplement her pleadings relative to the lack of procedural capacity of the Juvenile Court.